IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUBTERRANEAN CONSTRUCTION CO., INC. | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No.: RDB 04-3861 |
| v. | | |
| | * | |
| W.D. CURRAN & ASSOCIATES, INC, AND SELECTIVE INSURANCE COMPANY OF AMERICA, | * | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Pending before the Court is the Motion for Summary Judgment, filed by Plaintiff Subterranean Construction Co., Inc. ("Plaintiff" or "Subterranean"), and the Motion to Dismiss or in the Alternative Cross-Motion for Summary Judgment, filed by Defendant Selective Insurance Company of America ("Selective"). The parties' submissions have been carefully reviewed. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Plaintiff's Motion for Summary Judgment is DENIED and Selective's Motion to Dismiss or in the Alternative Cross-Motion for Summary Judgment is GRANTED.

## BACKGROUND

The dispute in this case relates to the "Approach Road Improvements" construction project at the Smithsonian Environmental Research Center ("SERC") in Harwood, Maryland. In connection with this project, SERC, a U.S. government agency, awarded construction contract F-0136CC10495 to Defendant W.D. Curran & Associates, Inc. ("W.D. Curran"). As required by

the Miller Act, W.D. Curran furnished a payment bond executed by Defendant Selective as surety. *See* 40 U.S.C. § 3131(b). The payment bond is numbered B835237. (Compl. Ex. C).

On or about February 14, 2002, Subterranean assumed a contract between Francis R. Moreland and W.D. Curran and became a W.D. Curran subcontractor. (Compl. Ex. A). Pursuant to that assumption, Plaintiff subsequently performed work under contract F-0136CC10495, including site clearing, earth work, paving, and landscaping. (Compl. p. 3). Records from W.D. Curran indicate that this work was completed by October 10, 2002. (Def.'s Mot. for Summ. J. Ex. 3). Subterranean worked for W.D. Curran on other SERC projects during this time period. One of those projects was the "Dormitory Expansion" project, on which Plaintiff worked through September 7, 2004. (Pl.'s Resp. p. 1). Selective never issued a bond for the Dormitory Expansion project. (Def.'s Mot. for Summ. J. Ex. 2). As a result of W.D. Curran's alleged failure to pay for the work performed, Subterranean claims a total outstanding balance of $204,251.00 for providing services on SERC projects. (Compl. p. 3; Pl. Resp. p. 2).

On December 8, 2004, Plaintiff filed this lawsuit against W.D. Curran and Selective and also filed its Motion for Summary Judgment.[1] Plaintiff argues that there is no genuine issue of material fact because there is no dispute that Plaintiff performed work for W.D. Curran and was not paid for it. On March 3, 2005, Selective responded by filing a Motion to Dismiss or in the Alternative Cross-Motion for Summary Judgment. Selective argues that Plaintiff's claim is time barred under the Miller Act's one year statute of limitations. *See* 40 U.S.C. § 3133(b)(4). W.D.

---

[1] Plaintiff's Motion for Summary Judgment was filed on the same day as Plaintiff's complaint despite the requirement that only "after the expiration of 20 days from the commencement of the action" may a party seeking to recover upon a claim request a summary judgment. *See* Fed. R. Civ. P. 56(a). The court has nevertheless treated Plaintiff's Motion for Summary Judgment as if it was filed in compliance with Rule 56.

Curran has yet to file an answer.

## STANDARD OF REVIEW

Selective has moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  A court considers only the pleadings when deciding a Rule 12(b)(6) motion. Where the parties present matters outside of the pleadings and the court considers those matters, as here, the motion is treated as one for summary judgment.[2]  *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003). The parties, however, "shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). The requirement of "reasonable opportunity" means that all parties must be provided with notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment, which is satisfied when a party is "aware that material outside the pleadings is before the court." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious.").

Plaintiff had adequate notice that Selective's motion might be treated as one for summary judgment. The motion's alternative caption and attached materials are in themselves sufficient indicia.  *See Laughlin*, 149 F.3d at 260-61.  Moreover, Plaintiff responded to the motion by

---

[2]  *See also Dean v. Pilgrims Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (noting that statute of limitations defense may be brought under Rule 12(b)(6) if the time bar is apparent from the face of the complaint, and also that motion should be treated as one for summary judgment where outside matters are presented to and not excluded by the trial court).

attaching material outside the pleadings and drawing conclusions from those materials. If Plaintiff had thought that further discovery was necessary to adequately oppose summary judgment, Rule 56(f) obligated it to not only indicate its need for discovery, but also to set out reasons for its need in an affidavit, which it has not done. *See* Fed. R. Civ. P. 56(f); *see also Laughlin*, 149 F.3d at 261 (refusing to overturn district court's grant of summary judgment on assertions of inadequate discovery when the nonmoving party failed to make an appropriate motion under Rule 56(f)). Therefore, the Court will consider the affidavit and additional materials submitted by the parties and will treat Selective's motion as one for summary judgment.[3]

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the

---

[3] With respect to when Subterranean last performed work under contract F-0136CC10495, the affidavit attached to Selective's motion does not appear to "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). The reason is that Selective does not establish that its affiant (a Selective employee) possesses the personal knowledge required to admit the relevant underlying document (a W.D. Curran business record) into evidence. *See* Def.'s Mot. for Summ. J. Exs. 1 & 3. However, Subterranean has not moved to strike Selective's affidavit and has therefore waived any objection pursuant to Rule 56(e). *See, e.g., Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 718 (4th Cir. 1995) ("To the extent that these arguments may be seen as challenging the admissibility of these affidavits, we believe that OCF's failure to move to strike them below constitutes a waiver of these arguments.")

nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.  In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)), but the opponent must bring forth evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment.  *Anderson*, 477 U.S. at 252.

As there are pending cross-motions for summary judgment, this Court applies the same standards of review.  *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991); *ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to resolve issues of material facts on a motion for summary judgment—even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted), *cert. denied*, 469 U.S. 1215 (1985).  The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard."  *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985).  "[B]y the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted."  *Nafco Oil & Gas, Inc. v. Appleman*, 380 F.2d 323, 325 (10th Cir. 1967); *see also McKenzie v. Sawyer*, 684 F.2d 62, 68

5

n.3 (D.C. Cir. 1982) ("neither party waives the right to a full trial on the merits by filing its own motion."). However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "may be probative of the non-existence of a factual dispute." *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983).

## DISCUSSION

The key issue raised by the parties' motions is whether Plaintiff's claim is time-barred under the Miller Act's one-year statute of limitations. The Miller Act governs construction contracts involving U.S. government agencies and requires those federal building and public works contracts valued at more than $ 100,000 to carry a surety bond guaranteeing payment. *See* 40 U.S.C. § 3131. Unpaid subcontractors who have "furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished" have a federal cause of action under the Act to collect on the bond, *id*. § 3133(b)(1). However, their claim is subject to a limitations period that runs for "one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." *Id*. § 3133(b)(4).

Subterranean's claim is timely under the Miller Act's one-year statute of limitations only if it performed work or supplied material under contract F-0136CC10495 within one year and one day prior to bringing this action. *See* 40 U.S.C. § 3133(b)(1)-(4). In this case, however, it is undisputed that Plaintiff completed all work on contract F-0136CC10495 by October 10, 2002 yet did not file a complaint until December 8, 2004. (Def.'s Mot. for Summ. J. Ex. 3; Compl. p. 1). Plaintiff's claim to collect on Selective's payment bond is therefore time barred under the Miller Act's one-year statute of limitations.

Plaintiff does not dispute that its work on the Approach Road Improvements project was

6

completed by October 10, 2002. Instead, Plaintiff asks this court to find that the terms of payment bond B835237 encompass not only the work that Plaintiff performed under contract F-0136CC10495, but also the work that Plaintiff performed on other SERC projects. (Pl.'s Resp. p. 2). Because that additional work—particularly Plaintiff's work on the Dormitory Expansion project—continued through September 7, 2004, Plaintiff argues that its claim is not time barred.

Plaintiff's argument fails for two reasons. First, there is no language in payment bond B835237 to suggest that it encompasses anything other than contract F-0136CC10495. (Compl. Ex. C). Second, Miller Act claims only arise out of work performed under a specific contract for which a payment bond is furnished. *See* 40 U.S.C. § 3133(b)(1) (providing federal cause of action for unpaid subcontractors who have provided labor or material "in carrying out work provided for in a contract for which a payment bond is furnished"). For these reasons, the work that Plaintiff performed on other SERC projects, including the Dormitory Expansion project, is irrelevant to the work that it performed under contract F-0136CC10495. Accordingly, Plaintiff's claim against bond B835237 is time barred.

While this ruling disposes of the Miller Act claims, Plaintiff appears to assert a claim for $204,000.00 against W.D. Curran directly. (Pl.'s Resp. p. 2). Although the specific legal theory that entitles Plaintiff to relief based on this claim is not identified, it is presumably one of the state-law claims referenced in Plaintiff's complaint. (Compl. p. 2). Having entered judgment for Defendants with respect to Plaintiff's federal cause of action, the remaining state law claims shall be dismissed without prejudice. The court declines to exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is DENIED and Selective's Motion to Dismiss or in the Alternative Cross-Motion for Summary Judgment is GRANTED.  Plaintiff's state law claims, including Plaintiff's claim for $204,000.00 from W.D. Curran, are DISMISSED WITHOUT PREJUDICE.  A separate Order follows.


Dated: August 23, 2005                                 /s/                                                            
                                                                Richard D. Bennett
                                                                United States District Judge